THE HANSON LAW FIRM
John W. Hanson, SBN: 214771
7752 Fay Ave., Suite F
La Jolla, California 92037
TEL:   (858) 451-0291
FAX:   (858) 451-0281
john@thesandiegolemonlawyer.com

THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN: 125998)
16870 W. Bernardo Dr., Suite 400
San Diego, CA 92127
Phone: (619) 308-5034 / Fax: (888) 341-5048
alan@clgca.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM JOHN JOHNSON, a natural person, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES USA, INC., a California Corporation; and TOYOTA MOTOR CORPORATION, a foreign corporation and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 18-cv-01664-WHA<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF TO PERMIT PARTIES TO PARTICIPATE IN SETTLEMENT CONFERENCE**<br><br>DATE:  August 23, 2018 (subject to Administrative Motion to Shorten Time to August 16, 2018, filed herewith)<br>TIME:   8:00 a.m.<br>JUDGE: Hon. William Alsup<br>COURTROOM: 12, 19th Floor<br>COMPLAINT FILED: March 16, 2018 |

1  Plaintiff submits this Motion to request that this Court permit the parties to participate in and attend an in-person Settlement Conference in this matter before the Hon. Joseph Spero. The date being held by Chief Magistrate Judge Spero for this conference is September 12, 2018. Both the Chief Magistrate Judge and the parties understand this date is being held contingent upon the Court granting this Motion.

Defendants TOYOTA MOTOR SALES USA, INC. and TOYOTA MOTOR CORPORATION ("Toyota") do not oppose this Motion.

Respectfully submitted,

DATED: July 19, 2018                **THE CONSUMER LAW GROUP**

By: ___/s/ Alan M. Mansfield_____
Alan M. Mansfield (SBN: 125998)
16870 W. Bernardo Dr., Suite 400
San Diego, CA 92127
Phone: (619) 308-5034 / Fax: (888) 341-5048
alan@clgca.com

**THE HANSON LAW FIRM**
John W. Hanson (SBN: 214771)
Elisa M. Swanson (SBN: 215361)
7752 Fay Avenue, Suite F
La Jolla, CA 92037
Phone: (858) 451-0291 / Fax: (858) 451-0281
john@thesandiegolemonlawyer.com

*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Issue Presented and Requested Order

Based on the circumstances of this case, Plaintiff William John Johnson ("Plaintiff") requests the Court permit the parties to participate in a settlement conference before Chief Magistrate Judge Spero. The parameters of the supervised settlement conference, as set forth in more detail below, would be limited to discussions over an individual and non-class settlement.. Defendants do not oppose this Motion.  As this will be a supervised discussion over a an individual and non-class settlement, there will be no violation of the Court's Standing Order regarding class-wide settlement negotiations, and Plaintiff makes this request in an abundance of caution.

### II.     Statement of Facts

This action was filed as a class action lawsuit on March 16, 2018. Plaintiff's operative First Amended Complaint ("FAC") filed on May 11, 2018 (ECF No. 19), alleges that certain model year 2017-2018 Toyota Tacoma vehicles possess a defect affecting the rear axle and brake systems of these vehicles. After substantive meet and confer efforts and the filing of the FAC, Defendants each filed an Answer to the Complaint on May 25, 2018 (ECF Nos. 20, 21).[1]

As is this Court's practice, on March 21, 2018 the Court issued its Notice And Order re Factors to Be Evaluated For Any Proposed Class Settlement, advising the parties that they were not to conduct negotiations over a class-wide settlement prior to the Court ruling upon a motion for class certification absent leave of court (*see* ECF No. 9). During the initial Case Management Conference in this matter, held on June 14, 2018, counsel for the parties inquired of the Court whether the order would extend to discussions of settlement on a an individual and non-class basis. After discussion with counsel, the Court stated it would consider such a request if it was made by noticed motion and counsel gave the court "a good reason" to do so. *See* Transcript of Proceedings dated June 14, 2018 at 7-8; *see* Declaration of Alan M. Mansfield, ¶¶ 2-6; Ex. 1 filed herewith.

---

[1]  As set forth in its Answer, Toyota denies all material allegations in the FAC.

1	On June 14, 2018, the Court issued an order referring this matter to Chief Magistrate Judge Spero to schedule a settlement conference. During the course of the scheduling conference, held on June 27, 2018 with Chief Magistrate Judge Spero, the parties discussed the potential for a mediation on an individual and non-class basis, and advised him of this Court's statements during the Case Management Conference. The parties and Chief Magistrate Judge Spero agreed to hold in reserve September 12, 2018 at 9:30 for a settlement conference/mediation, contingent on this Court approving the parties' participation in that conference. While this date is not officially set on the Chief Magistrate Judge's calendar, it is being held in reserve pending the Court's ruling on this Motion. The parties and their counsel have agreed to participate in this process and have reserved that date on their respective calendars. Mansfield Decl., ¶¶ 7-9.

### III.	Argument

Federal Rule of Civil Procedure 23(e) provides that the claims, issues or defenses of a certified class may be settled, compromised or dismissed only with the Court's approval. This Court's Standing Order applies to class-wide settlements, although as the Court stated during the Case Management Conference, it wants to ensure there are no "collusive" negotiations to settle claims on an individual or non-class basis, even if under the Rule the Court does not have the ability to actually "approve" such settlements. *See* Mansfield Decl., Ex. 1 at 3, 7-9 (Transcript of Proceedings).

As set forth in the accompanying Declaration of Alan M. Mansfield, the circumstances of this case present unique challenges but also opportunities for both the parties and the Court. As set forth in the FAC at ¶ 28, Plaintiff alleges that the alleged defect in question, if it does manifest, should show up during the covered period under the manufacturer's new vehicle, powertrain warranty. The vehicles in question are 2017-2018 model year Toyota Tacomas, and should be covered (at least from a durational standpoint) by Toyota's written warranty. Plaintiff further alleges if this defect manifests in a particular vehicle, it is because the axle and the brake system are mis-sized, which Plaintiff alleges results not only in the vehicle feeling unstable while driving, but also potentially creating damage to the brake drum and other parts of the braking

1  system. FAC at ¶¶ 24-27. Defendants vigorously have denied these allegations. According to
2  Toyota, some model year 2017-18 Tacomas may exhibit noise or vibration from the rear of the
3  vehicle at low speeds or while braking. In certain circumstances, this condition may be caused
4  by excessive clearance between the brake drum and axle drum flange. If the axle flange boss
5  diameter is out of specification, the repair is replacement of the rear axle. A Technical Service
6  Bulletin ("TSB"), T-SB-0023-18 dated April 18, 2018 was issued to address this issue, and a
7  revised version of the TSB was issued on July 2, 2018 clarifying the involved vehicles.
8  Additionally, according to Toyota, if the repair is covered under the Toyota Powertrain
9  Warranty, which is in effect for 60 months or 60,000 miles, any consumer experiencing the rear
10 vibration or noise at low speeds or while braking in the model year 2017-18 Tacomas can have
11 the vehicle repaired under warranty.

    After this lawsuit was filed, Toyota issued the TSB which provided specific additional
direction to authorized Toyota repair facilities about how to identify and remedy the issue.
Plaintiff alleges that while this is of potential value to those persons who experience the issue in
the future, persons who experienced this issue in the past would have no idea there was a specific
cause to this problem, and a possible repair. Indeed, Plaintiff alleges in the FAC at ¶¶ 22-28 that
it took Toyota personnel months to identify the cause of this defect in his vehicle, and at one
point Toyota attempted to fix the defective axle flange component in his vehicle with another
defective component. While the authorized repair facility has assured Plaintiff this issue has
been resolved, he remains concerned this issue has not been fully addressed.. FAC ¶ 27.

    Plaintiff has raised questions with Toyota about the scope and operation of this TSB.
Defendants have indicated a willingness to provide verified written responses to such questions.
Toyota has also requested Plaintiff respond to discovery asking questions about his vehicle
history. Plaintiff has agreed to provide verified responses to such questions. Mansfield Decl., ¶
11.

    Being that the deadline for filing Plaintiff's motion for class certification is not until
January 10, 2018 and anticipated to be heard until February 28, 2018, it could be close to a year

before the parties could address any issues in the mediation context. *Id.*, ¶ 10.

Based on these circumstances, Plaintiff has suggested the parties proceed under the following approach:

1. Plaintiff would provide Toyota with a list of requests for information focused on the cause of the alleged defect and how it was remedied, and about the scope of the TSB and how and why Toyota believes this issue will not recur. This list has already been provided to Toyota. Toyota has also provided a list of questions for Plaintiff. The parties are in the process of meeting and conferring over these requests. *See* Mansfield Decl., ¶ 11.

2. The parties will respond to such requests, either in written responses in the form of interrogatory responses, documents, interviews or a combination thereof, within 30 days.

3. Based on the responses provided to those requests, the parties would participate in a mediation overseen by Chief Magistrate Judge Spero.

There are several advantages to this process. First, the Court's concern over possible "collusion" expressed during the Case Management Conference will be addressed by the involvement of Chief Magistrate Judge Spero in the process. Second, based on the parties' agreement to exchange information as outlined above, these negotiations will be well informed and based upon relevant information provided between the parties prior to any mediation without having first engaged in potentially costly formal discovery. And finally, it would be globally beneficial if these issues can be addressed now rather than in a year after class certification has been decided. Mansfield Decl., ¶¶ 10, 13.

Counsel on both sides are experienced in class action litigation. Plaintiff's counsel have been appointed as class counsel in other litigation, including automotive-related litigation. Thus, they are aware of their obligations as counsel not to prejudice or adversely impact the interests of putative class members. *See* Mansfield Decl., ¶ 12; Ex. 2; Declaration of John W. Hanson.

Of course at this point there is no guarantee this process will be successful. Nor has Toyota or Plaintiff agreed to any particular form of resolution, other than agreeing to participate in the above process in good faith. As this process will be overseen by the Chief Magistrate Judge of this Court, the concerns expressed by this Court about the timing of such discussions

can be ameliorated based on both parties' informed participation in this process and subject to the Court's consent. *Id.*, ¶ 13.

## IV. Conclusion

Based on these circumstances, Plaintiff believes there is a good reason to request the Court permit the parties to explore resolution with the oversight and assistance of Chief Magistrate Judge Spero, on an individual and non-class basis to determine if the parties can expeditiously and efficiently achieve a mutually satisfactory result.

DATED: July 19, 2018

**THE CONSUMER LAW GROUP OF CALIFORNIA**

By: */s/ Alan M Mansfield*
alan@clcga.com
Alan M. Mansfield (SBN: 125998)
16970 W. Bernardo Dr., Suite 400
San Diego, CA 92127
Tel.: (858) 674-6641
Fax: (855) 274-1888

**THE HANSON LAW FIRM**
John W. Hanson (SBN: 214771)
john@thesandiegolemonlawyer.com
Elisa M. Swanson (SBN: 215361)
7752 Fay Avenue, Suite F
La Jolla, CA 92037
Tel.: (858) 451-0291
Fax: (858) 451-0281

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on July 19, 2018 to all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.1.

*/s/   John W. Hanson*
John W. Hanson, Esq.
